No.——

First Circuit Appeal.

## WHITNEY-CENTRAL TRUST & SAVINGS BANK v. N. A. DAWSON

(May 5, 1925, Opinion and Decree.)
(June 30, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Mortgages—Par. 7, 8, 13.

Where a clause in a contract of mortgage reads as follows: "The note. and mortgage is executed for the purpose of securing said Surety Company against any loss that they might suffer on account of their liability as sureties after said liability which have been judicially determined or determined to the satisfaction of appearer N. A. Dawson." The Surety Company can have no claim until its liability on the mortgage has been judicially determined or determined to the satisfaction of Mr. Dawson.

Appeal from the Parish of Ascension, Hon. Sam A. LeBlanc, Judge.

This is a suit in the nature of concursus over the amount left after the sale of property on a first mortgage.

There was judgment denying the claim of the "National Surety Company". On appeal this judgment was affirmed.

C. C. Weber, of Donaldsonville, attorney for plaintiff, appellee.

Walter Lemann, of Donaldsonville, attorney for defendant, appellant.

LECHE, J.   This proceeding is in the nature of a concursus over a fund of $1138.89 on deposit in the registry of the court.

The plaintiff, a first mortgage creditor. of defendant, foreclosed, and after satisfaction of its mortgage, there was left over, this fund which is claimed both by the second and third mortgage creditors of defendant.

The National Surety Co. of New York holds a note of defendant for $50,000.00, secured by a second mortgage on the property seized and sold by plaintiff. The $50,-000.00 note was given as security to indemnify the National Surety Co. in case it should suffer any loss as surety for defendant in the execution of several road building contracts which defendant had undertaken in the State of Mississippi.

Chas. T. Wortham is the holder of a note of Dawson for $2500.00, secured by third mortgage on the same property.

It is not disputed that a mortgage may be given for an obligation which has not yet risen into existence and that when such obligation does arise, it imparts to the mortgage a retrospective effect to the time of the contract, C. C. 3292, 3293.

The question in this case is whether the claim of the National Surety Co. represents such a loss as was contemplated by the parties, when Dawson agreed to mortgage his property to the Surety Co. to indemnify it against any loss as his surety upon the road contracts which he had undertaken in Mississippi. The claim of the Surety Co. is represented by an account for various expenses which it alleges to have incurred as a result of its suretyship, amounting to some $3751.93.

The clause in the contract of mortgage, upon which the Surety Co. relies is worded as follows:

" * * * * the note and mortgage is executed for the purpose of securing said Surety Co. against any loss that they might suffer on account of their liability as sureties * * * after said liability shall have been *judicially determined or DETERMINED TO THE SATISFACTION of appearer N. A. DAWSON. * * * "*

This clause in the contract is the law which the parties have agreed upon as determinative of their rights. But the evidence fails to show that the liability of the Surety Co. has ever been judicially determined or determined to the satisfaction of Dawson. Indeed, instead of any liability of the Surety Co. having been determined

judicially to the satisfaction of Dawson, Dawson denies such liability and shows that the contracts were abrogated by the county authorities of Mississippi and the bonds cancelled.

In truth the Suerty Co. may have spent the amounts specified in its claim in this proceeding and may have done so with the consent of Dawson, and it may have the legal right to be reimbursed therefor by Dawson, but we express no opinion upon that question, and only refer to it for the purpose of stating that if such claim is due by Dawson, it is not a claim arising out of a loss which has been determined judicially or to the satisfaction of Dawson, and therefore that it is not secured by mortgage.

The judgment appealed from should be affirmed, and

It is so ordered.